UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAY BRADSHAW,

                        Plaintiff,

        v.                                      9:19-CV-0931
                                                  (BKS/DJS)

W. BURNS, et al.,

                        Defendants.

---

APPEARANCES:

JAY BRADSHAW
08-A-3654
Plaintiff, pro se
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871

HON. LETITIA JAMES                    JOSHUA E. McMAHON, ESQ.
New York State Attorney General      Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

I.      **INTRODUCTION**

Plaintiff Jay Bradshaw commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP") and a motion for preliminary injunctive relief. Dkt. No. 1 ("Compl.");

Dkt. No. 6 ("IFP Application"); Dkt. No. 4 ("Preliminary Injunction Motion").[1]  By Decision and Order filed on October 1, 2019, this Court granted plaintiff's IFP Application in accordance with 28 U.S.C. § 1915(g) after finding that plaintiff made a preliminary showing that he is entitled to the "imminent danger" exception, and after screening the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed certain claims and defendants from this action, and directed a response for the claims that survived sua sponte review and the Preliminary Injunction Motion.  Dkt. No. 9 ("October 2019 Order").

Following service on one of the named defendants, counsel submitted an opposition to the Preliminary Injunction Motion.  *See* Dkt. No. 16.

## II.     PRELIMINARY INJUNCTION MOTION

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'"  *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).  However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher.  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35

---

[1]  Plaintiff's initial application to proceed IFP was denied as incomplete and the action was administratively closed.  Dkt. No. 5.  Plaintiff then re-filed his IFP Application, and this action was re-opened.  Dkt. Nos. 6, 7.

2

n.4 (2d Cir. 2010) (internal quotation marks omitted)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008). The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

In his motion, plaintiff seeks an order directing defendants to "turn off the night light during the night hours[,]" "cease . . . banging on [plaintiff's] cell door in the night hours, and . . . feed [plaintiff] during every meal." *See* Preliminary Injunction Motion at 1. In his opposition to plaintiff's motion, counsel for defendant Russell argues that plaintiff's motion should be denied because (1) plaintiff has failed to make a clear showing that he is entitled to the relief

3

requested, and (2) the portion of plaintiff's motion that seeks an Order directing defendants to feed him "during every meal" is tantamount to an improper "obey the law" request. *See* Dkt. No. 16 at 1-2.

The Court need not weigh into the merits of counsel's arguments because after plaintiff's motion was made, he was transferred to Southport Correctional Facility. *See* Dkt. No. 11. In light of plaintiff's transfer, and the absence of any credible evidence that he is likely to continue suffering the same harm that was the subject of his existing claims despite his transfer, his request for injunctive relief is moot. *See Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) ("It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility."); *see also Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility.").

Accordingly, for the foregoing reasons, plaintiff's motion for preliminary injunctive relief (Dkt. No. 4) is denied.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 4) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

4

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: December 12, 2019
      Syracuse, NY

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge