UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAY BRADSHAW                                                 **PLAINTIFF'S**
                                                                        **MOTION IN LIMINE**
                       Plaintiff,

- against -
                                                                        **Civil Action No.**
W. BURNS, et al.
                                                                        **9:19-CV-931 -BKS-DJS**
                     Defendants.
_____

Plaintiff Jay Bradshaw, by and through his appointed Trial Counsel, submits this Motion *in Limine* in accordance with the Court's Trial Order rder dated August 18, 2022. In the instant motion, Plaintiff seeks the following relief: 1) precluding the Defendants from offering evidence of Plaintiff's convictions and current incarceration at the trial of this action; and 2) allowing Plaintiff to appear in civilian clothes at trial while appearing before and giving his testimony to the Jury.

As is relevant in this action, Plaintiff was held from May 24 through October 6, 2019 at the Mid-State Correctional Facility (hereinafter "Mid-State CF").

**I.     EVIDENCE OF PLAINTIFF'S CONVICTION SHOULD BE EXCLUDED.**

Evidence of Plaintiff's convictions and his incarceration should be excluded at the trial because it would serve no purpose other than to prejudice the jury against the Plaintiff. Plaintiff began his incarceration in May of 2016 for convictions of Burglary in the first degree (New York Penal Law § 140.30), Rape in the first degree (New York Penal Law § 130.35), Aggravated Sexual Abuse in the fourth degree (New York Penal Law § 130.65-a) and Criminal Sexual Act in the first degree (New York Penal Law § 130.50). See Department of Corrections and Community Supervision Inmate Lookup annexed hereto as Exhibit "A". The term of Plaintiff's current sentence is 40 years (*Id.*). Any evidence of these convictions should be precluded from being offered at trial. Upon information and belief, Plaintiff does not have any prior State or

Federal convictions. Admission of such evidence of Plaintiff's convictions will unfairly prejudice the Jury to believe that the Plaintiff has a violent or "bad" character, or that the Plaintiff is not truthful and the Defendants' version of the events at issue are more likely to be true. These are exactly the inferences which the Federal Rules of Evidence seek to prevent.

While the Jury will likely hear testimony and view evidence that the Plaintiff was in Defendants' custody at the Mid-State CF at the time of the incidents alleged in the Complaint, the Jury should not hear evidence regarding the nature of his crimes, convictions or the lengths of his sentences. Defendants should be precluded from introducing any evidence of Plaintiff's convictions under FRE 404(b).

Admitting evidence of Plaintiff's convictions would constitute a violation of Rule 404(b). This Rule provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident…" FRE 404(b). The Second Circuit uses a three-prong test to determine whether evidence of extrinsic acts is admissible. Such evidence is admissible unless it is introduced for the sole purpose of showing a defendant's bad character, is not relevant or is overly prejudicial. *United States v. Fasciana*, 226 F.Supp. 2d 445, 455 (SDNY 2002), citing *United States v. Mickens*, 926 F.2d 1323, 1328 (2nd Circ. 1991). None of the crimes which Plaintiff was convicted contain any element of fraud or deceit or would be classified as a crime of moral turpitude.

Under the balancing test of probative value versus prejudicial effect relating to convictions, the Court must examine the following factors: (1) the impeachment value of the crime; (2) the remoteness of the conviction; (3) the similarity between the crime and the conduct at issue in the present litigation; and (4) the importance of the credibility of the witness. *Jones v.*

*City of New York*, 2002 U.S. Dist. LEXIS 2052 (SDNY 2002), citing Weinstein's Evidence, § 609.05(2); see also *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (SDNY 1997).

"The use of the second prong of Rule 609(a) [probative value outweighs its prejudicial effect to that defendant] is thus restricted to convictions that bear directly on the likelihood that the defendant will testify truthfully (and not merely on whether he has a propensity to commit crimes). It follows that crimes of force … or crimes of stealth, such as burglary…do not come within this clause. If the title of an offense leaves room for doubt, a prosecutor desiring to take advantage of automatic admission of a conviction under the second prong must demonstrate to the court 'that a particular prior conviction rested on facts warranting the dishonesty or false statement description.'" *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977), citing *United States v. Smith*, 551 F.2d 348, 362-363 (D.C. Cir. 1976). The same is true of the Plaintiff's convictions in this action.

Here, the balancing test pursuant to FRE 403 compels preclusion of information relating to Plaintiff's convictions because the prejudicial effect on the jurors at trial would be significant whereas there is little or no probative value for admitting information relating to the convictions. This matter involves claims that Defendants unlawfully strip searched the Plaintiff and deprived him of sleep, meals and his mail. None of these allegations are even remotely similar to the Plaintiff's convictions for burglary and sex offense crimes. Thus, there is a heightened risk that admission of the Plaintiff's convictions could mislead the Jury into inferring that he must have instigated the use a strip search and by acting in conformity with a propensity for sexual violence. See *Daniels v. Loizzo*, 986 F. Supp. at 251. Felons – even convicted criminals – have the right to not be assaulted, stripped and paraded around by corrections' officers. Plaintiff, who at the time of the incidents which are the basis of this lawsuit, had been convicted many years

prior unrelated serious crimes, yet he certainly had the right to not be treated this way by Defendants while being held at the Mid-State CF.

Penal Law § 140.30 (Burglary) states:

> A person is guilty of burglary in the first degree when he knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein, and when, in effecting entry or while in the dwelling or in immediate flight therefrom, he or another participant in the crime:
>
> (1) Is armed with explosives or a deadly weapon; or
>
> (2) Causes physical injury to any person who is not a participant in the crime; or
>
> (3) Uses or threatens the immediate use of a dangerous instrument; or
>
> (4) Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; ….
>
> Burglary in the first degree is a class B felony.

Penal Law § 130.35 (Rape) states:

> A person is guilty of rape in the first degree when he or she engages in sexual intercourse with another person:
>
> (1) By forcible compulsion; or
>
> (2) Who is incapable of consent by reason of being physically helpless; or
>
> (3) Who is less than eleven years old; or
>
> (4) Who is less than thirteen years old and the actor is eighteen years old or more.
>
> Rape in the first degree is a class B felony.

Penal Law § 130.65-a(1) (Aggravated Sexual Abuse) states:

> A person is guilty of aggravated sexual abuse in the first degree when:

>> (a) He or she inserts a foreign object in the vagina, urethra, penis, rectum or anus of another person and the other person is incapable of consent by reason of some factor other than being less than seventeen years old; or
>
>> (b) He or she inserts a finger in the vagina, urethra, penis, rectum or anus of another person causing physical injury to such person and such person is incapable of consent by reason of some factor other than being less than seventeen years old.
>
> Penal Law § 130.50 (Criminal Sexual Act) states:
>
>> A person is guilty of criminal sexual act in the first degree when he or she engages in oral sexual conduct or anal sexual conduct with another person:
>
>> (1) By forcible compulsion; or
>
>> (2) Who is incapable of consent by reason of being physically helpless; or
>
>> (3) Who is less than eleven years old; or
>
>> (4) Who is less than thirteen years old and the actor is eighteen years old or more.
>
> Burglary in the first degree is a class B felony.
>
> Criminal sexual act in the first degree is a class B felony.

Based upon the elements of these crimes, which have no bearing on the Plaintiff's veracity or character for truthfulness, his conviction has no probative value in this action. It would therefore be highly prejudicial to and confusing for the Jury to hear that Plaintiff was convicted of burglary and these other sex crimes, as it might lead them to unjustly punish or discredit his testimony based on the convictions alone. Due to the likelihood of severe prejudice and minimal probative impeachment value of Plaintiff's convictions for these particular crimes, Defendants should be precluded from presenting any evidence of the Plaintiff's convictions which he is currently incarcerated.

Since all of the Plaintiff's claims occurred when he was at the Mid-State CF, the Jury will learn during the trial that he was at the facility on May 24 through October 6, 2019. The Court

should only allow the Defendants to elicit the fact that Plaintiff was held at the Mid-State CF om 2019.

Since the underlying incidents occurred in the Mid-State CF, Plaintiff is already in a position where there is a risk that the Jury will find some degree of prejudice against him. No proof of any prior or current conviction should be admitted to add to the prejudice.

 II.   **PLAINTIFF SHOULD BE PERMITTED TO APPEAR IN CIVILIAN CLOTHING DURING TRIAL.**

Plaintiff also seeks permission to dress in street clothing during the trial of this action. "In civil as well as criminal cases the right to a fair trial is fundamental.... In either type of case, the court must be alert to avoid practices that may undermine the fairness of the factfinding process." *Davidson v. Riley*, 44 F.3d 1118, 1122 (2d Cir. 1995). Forcing a party to appear before a jury in prison clothing has great potential to violate a party's due process right to a fair trial. See *Estelle v. Williams*, 42 U.S. 501, 512-513 (1976) and *United States v. Burgos*, 1997 U.S. Dist. LEXIS 23855 (D. Conn. 1997). Keeping a party in restraints also violates the party's right to a fair trial – unless the court finds that such restraints are absolutely necessary (44 F.3d 1118). Here, the Plaintiff's convictions were sex offenses and burglary. There is no indication from the convictions that he may have a potentially aggressive demeanor which would require restraints during the trial. Also, as stated above, the prejudicial effect of Plaintiff appearing in prison attire is likely to have a negative impact upon the jury which they could improperly use this information in reaching a verdict in this civil action.

There is no reason to believe that Plaintiff poses any particular threat or security risk at or during trial. Plaintiff's rigorous pursuit of his lawsuit demonstrates how serious he takes this case and that he will be engaged and attentive during his trial. The Court should therefore allow him to appear on film before the Jury in appropriate civilian attire and without any overly

conspicuous involvement of law enforcement (whose presence might undermine the fairness of the trial by misleading the Jury into believing that Plaintiff poses a threat).

For the foregoing reasons stated above, the Court should grant the Plaintiff's instant Motion in Limine and hold that: (1) evidence of his convictions is excluded and not admissible at trial; and (2) Plaintiff may appear for his testimony and throughout the Trial in civilian attire and without any restraints.

Dated: January 30, 2023
Albany, New York

Respectfully submitted,

THE WEST FIRM, PLLC

By: *Christopher W. Rust*
Christopher W. Rust
Peter Kiernan Plaza
575 Broadway, 2nd Floor
Albany, New York 12207-2931
Tel.: (518) 641-0500
Fax: (518) 615-1500
NDNY Bar No.: 518786
cwrust@westfirmlaw.com

TO: Robert J. Rock (601122) and
Ryan W. Hickey (519020)
Assistant Attorneys General, Of Counsel
LETITIA JAMES
Attorney General of the State of New York
Attorneys for Defendants
The Capital
Albany, New York 12224
Robert.Rock@ag.ny.gov
Ryan.Hickey@ag.ny.gov

**EXHIBIT A**

Department of Corrections and Community Supervision

Find an offender → Incarcerated Lookup

# Incarcerated Lookup

Start a New Search

### BRADSHAW, JAY

**DIN:** 08A3654

| | | |
|---|---|---|
| **Race/Ethnicity:** | **Date of Birth:** | **(age):** |
| BLACK | 03/13/1984 | 38 years old |
| **Custody Status:** | | IN CUSTODY |
| **Housing / Releasing Facility:** | | UPSTATE |
| **County of Commitment:** | | QUEENS |
| **Date Received (original):** | | 07/07/2008 |
| **Date Received (current):** | | 05/04/2016 |
| **Admission Type:** | | RETURN FROM ANOTHER AGENCY |
| **Latest Release Date / Type (Released Only):** | | |

**Crimes of Conviction:** If all crime fields below contain data, there may be additional crimes not shown here. The crimes shown here are those with the longest sentences as of 01/25/2023)

| Crime | Class |
|---|---|
| BURGLARY 1ST | B |
| RAPE 1ST | B |
| AGGRAVATED SEXUAL ABUSE 4TH | E |
| CRIM SEXUAL ACT 1ST | B |

## Sentence Terms and Release Dates

Under certain circumstances, an incarcerated may be released prior to serving their minimum term and before the earliest release date shown for the individual. As of 01/25/2023

| | |
|---|---|
| **Aggregate Minimum Sentence** | 0 Years, 0 Months, 0 Days |
| **Aggregate Maximum Sentence** | 40 Years, 0 Months, 0 Days |
| **Earliest Release Date** | 08/12/2040 |
| **Earliest Release Type** | CONDITIONAL RELEASE DATE |
| **Parole Interview Date** | 06/2040 |
| **Parole Interview Type** | RELEASE CONDITIONS |
| **Parole Eligibility Date** | |

| | |
|---|---|
| **Conditional Release Date** | 08/12/2040 |
| **Maximum Expiration Date** | 05/02/2046 |
| **Maximum Expiration Date for Parole Supervision** | |
| **Post Release Supervision Maximum Expiration Date** | |
| **Parole Board Discharge Date** | |

Information Data Definitions are provided for most of the elements listed above.

**Department of Corrections and Community Supervision**  |  Accessibility    Contact    Disclaimer

Language Access    Privacy Policy