UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**OPPOSITION TO**
**DEFENDANTS'**
**MOTION IN LIMINE**

JAY BRADSHAW

                     Plaintiff,

- against -

W. BURNS, et al.

                     Defendants.

**Civil Action No.**

**9:19-CV-931 -BKS-DJS**

        Plaintiff Jay Bradshaw, by and through his appointed Trial Counsel, submits this

Opposition to the Defendants' Motion *in Limine* in accordance with the Court's Trial Order

dated August 18, 2022.  Defendants Motion should be denied.

        As is relevant in this action, Plaintiff was held exclusively from May 24 through October

6, 2019 at the Mid-State Correctional Facility (hereinafter "Mid-State CF"), and upon

information and belief, only in the Segregated Housing Unit ("SHU").

## I.      EVIDENCE OF PLAINTIFF'S CONVICTION SHOULD BE EXCLUDED.

###       A.    DEFENDANTS STATE NUMEROUS INCORRECT FACTS ABOUT PLAINTIFF'S CONVICTIONS.

        Defendants incorrectly assert that Plaintiff was convicted in 2010 of, *inter alia*, Sexual

Abuse in the first degree and Robbery in the first degree.  See Defendants' Motion at p. 1.

Defendants offer no evidence in admissible form to support these particular facts.  Defendants

merely allege that this information is available on the New York DOCCS Inmate Lookup

website.  However, the Inmate Lookup website exposes crucial errors in the Defendants'

statements of the facts.

        A copy of the DOCCS Incarcerated Lookup for the Plaintiff, accessed and printed out on

February 6, 2023, is annexed hereto as Exhibit "A".  This record demonstrates that Plaintiff was

not convicted of Sexual Abuse in the first degree, but rather in the fourth degree.  This record

also shows that Plaintiff was never convicted of Robbery in the First degree.  More importantly, this record shows that Plaintiff was convicted of only Burglary in the first degree (New York Penal Law § 140.30), Rape in the first degree (New York Penal Law § 130.35), Aggravated Sexual Abuse in the fourth degree (New York Penal Law § 130.65-a) and Criminal Sexual Act in the first degree (New York Penal Law § 130.50) in 2008, not in 2010 as Defendant incorrectly states.  Defendants also note a "9-year sentence that the defendant [sic] was serving as a result of a conviction in Kings County" (see Defendants' Motion at p. 1) which appears nowhere in the Incarcerated Lookup for the Plaintiff in this action.  Therefore, the numerous serious errors in Defendants' Motion in Limine are fatal to their Motion to permit them to admit Plaintiff's convictions at the Trial of this action.

  B.  ADMISSION OF PLAINTIFF'S CONVICTIONS AT TRIAL WOULD BE HIGLY PREJUDICIAL.

  Evidence of Plaintiff's convictions and his incarceration should be excluded at the trial because it would serve no purpose other than to prejudice the jury against the Plaintiff.  Plaintiff began his incarceration in July of 2008 for convictions of Burglary in the first degree (New York Penal Law § 140.30), Rape in the first degree (New York Penal Law § 130.35), Aggravated Sexual Abuse in the fourth degree (New York Penal Law § 130.65-a) and Criminal Sexual Act in the first degree (New York Penal Law § 130.50).  See Exhibit "A".  The term of Plaintiff's current sentence is 40 years (*Id.*).  Any evidence of these convictions should be precluded from being offered at trial.  Upon information and belief, Plaintiff does not have any prior State or Federal convictions.  Admission of such evidence of Plaintiff's convictions will unfairly prejudice the Jury to believe that the Plaintiff has a violent or "bad" character, or that the Plaintiff is not truthful and the Defendants' version of the events at issue are more likely to be true.  These are exactly the inferences which the Federal Rules of Evidence seek to prevent.

While the Jury will likely hear testimony and view evidence that the Plaintiff was in Defendants' custody at the Mid-State CF at the time of the incidents alleged in the Complaint, the Jury should not hear evidence regarding the nature of his crimes, convictions or the lengths of his sentences.  Defendants should be precluded from introducing any evidence of Plaintiff's convictions under FRE 404(b).

Defendants clearly seek to admit evidence of Plaintiff's convictions and the underlying crimes to poison the Jurors view of the Plaintiff and discredit his testimony at Trial by providing them with unnecessary and irrelevant "knowledge that Plaintiff was convicted of these offenses [which] could cause the jurors 'to evaluate his worth as a witness based on his status as a convicted felon regardless of the actual relevance of the [c]onviction.' *United States v. Agostini*, 280 F. Supp. 2d 260, 262 (S.D.N.Y. 2003)." *Tranchina v. McGrath*, 2020 U.S. Dist. LEXIS 143212 at *9.  However, admitting such evidence of Plaintiff's convictions would constitute a violation of Rule 404(b).

This Rule provides:  "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident…"  FRE 404(b).  The Second Circuit uses a three-prong test to determine whether evidence of extrinsic acts is admissible.  Such evidence is admissible unless it is introduced for the sole purpose of showing a defendant's bad character, is not relevant or is overly prejudicial.  *United States v. Fasciana*, 226 F.Supp. 2d 445, 455 (SDNY 2002), citing *United States v. Mickens*, 926 F.2d 1323, 1328 (2nd Circ. 1991).  None of these crimes which Plaintiff was convicted of contain any element of fraud or deceit, infer negatively on his veracity or character for truthfulness, or would be classified as a crime of moral turpitude.

Under the balancing test of probative value versus prejudicial effect relating to convictions, the Court must examine the following factors:  (1) the impeachment value of the crime; (2) the remoteness of the conviction; (3) the similarity between the crime and the conduct at issue in the present litigation; and (4) the importance of the credibility of the witness.  *Jones v. City of New York*, 2002 U.S. Dist. LEXIS 2052 (SDNY 2002), citing Weinstein's Evidence, § 609.05(2); see also <u>Daniels v. Loizzo</u>, 986 F. Supp. 245, 250 (SDNY 1997).

"The use of the second prong of Rule 609(a) [probative value outweighs its prejudicial effect to that defendant] is thus restricted to convictions that bear directly on the likelihood that the defendant will testify truthfully (and not merely on whether he has a propensity to commit crimes).  It follows that crimes of force … or crimes of stealth, such as burglary…do not come within this clause.  If the title of an offense leaves room for doubt, a prosecutor desiring to take advantage of automatic admission of a conviction under the second prong must demonstrate to the court 'that a particular prior conviction rested on facts warranting the dishonesty or false statement description.'"  *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977), citing *United States v. Smith*, 551 F.2d 348, 362-363 (D.C. Cir. 1976).  The same is true of the Plaintiff's convictions in this action.  In their Motion, Defendants provide no details whatsoever about the Plaintiff Burglary conviction or that it rests of facts warranting an inference of dishonesty or false statements.

Here, the balancing test pursuant to FRE 403 compels preclusion of information relating to Plaintiff's convictions because the prejudicial effect on the jurors at trial would be significant whereas there is little or no probative value for admitting information relating to the convictions. This matter involves claims that Defendants unlawfully strip searched the Plaintiff and deprived him of sleep, meals and his mail.  None of these allegations are even remotely similar to the Plaintiff's convictions for burglary and sex offense crimes.  Thus, there is a heightened risk that

admission of the Plaintiff's convictions could mislead the Jury into inferring that he must have

instigated the use a strip search and by acting in conformity with a propensity for sexual

violence.  See *Daniels v. Loizzo*, 986 F. Supp. at 251.  Felons – even convicted criminals – have

the right to not be assaulted, stripped and paraded around by corrections' officers.  Plaintiff, who

at the time of the incidents which are the basis of this lawsuit, had been convicted many years

prior of unrelated serious crimes, yet he certainly had the right to not be treated this way by

Defendants while being held at the Mid-State CF.

Penal Law § 140.30 (Burglary) states:

> A person is guilty of burglary in the first degree when he
> knowingly enters or remains unlawfully in a dwelling with intent
> to commit a crime therein, and when, in effecting entry or while in
> the dwelling or in immediate flight therefrom, he or another
> participant in the crime:
>
> (1) Is armed with explosives or a deadly weapon; or
>
> (2) Causes physical injury to any person who is not a participant in
> the crime; or
>
> (3) Uses or threatens the immediate use of a dangerous instrument;
> or
>
> (4) Displays what appears to be a pistol, revolver, rifle, shotgun,
> machine gun or other firearm; ….
>
> Burglary in the first degree is a class B felony.

Penal Law § 130.35 (Rape) states:

> A person is guilty of rape in the first degree when he or she
> engages in sexual intercourse with another person:
>
> (1) By forcible compulsion; or
>
> (2) Who is incapable of consent by reason of being physically
> helpless; or
>
> (3) Who is less than eleven years old; or
>
> (4) Who is less than thirteen years old and the actor is eighteen
> years old or more.

Rape in the first degree is a class B felony.

Penal Law § 130.65-a(1) (Aggravated Sexual Abuse) states:

A person is guilty of aggravated sexual abuse in the first degree when:

(a) He or she inserts a foreign object in the vagina, urethra, penis, rectum or anus of another person and the other person is incapable of consent by reason of some factor other than being less than seventeen years old; or

(b) He or she inserts a finger in the vagina, urethra, penis, rectum or anus of another person causing physical injury to such person and such person is incapable of consent by reason of some factor other than being less than seventeen years old.

Penal Law § 130.50 (Criminal Sexual Act) states:

A person is guilty of criminal sexual act in the first degree when he or she engages in oral sexual conduct or anal sexual conduct with another person:

(1) By forcible compulsion; or

(2) Who is incapable of consent by reason of being physically helpless; or

(3) Who is less than eleven years old; or

(4) Who is less than thirteen years old and the actor is eighteen years old or more.

Burglary in the first degree is a class B felony.

Criminal sexual act in the first degree is a class B felony.

Based upon the elements of these crimes, which have no bearing on the Plaintiff's veracity or character for truthfulness, his convictions, including for Burglary, have no probative value in this action. It would therefore be highly prejudicial to and confusing for the Jury to hear that Plaintiff was convicted of burglary and these other sex crimes, as it might lead them to unjustly punish or discredit his testimony based on the convictions alone. Due to the likelihood of severe prejudice and minimal probative impeachment value of Plaintiff's convictions for these particular crimes,

Defendants should be precluded from presenting any evidence of the Plaintiff's convictions which he is currently incarcerated.

The Court in <u>*United States v. Steele*</u> (216 F. Sup. 3d 317, 326 [2d Cir. 2016]) states only that "robbery convictions are admissible as probative of a witness's honest character", not "robbery and burglary" as Defendants assert (see Defendants' Motion at p. 3), and Plaintiff was not convicted of Robbery. Here, based upon the elements of Burglary in the first degree, which must include an element of extreme violence for such a conviction, the Plaintiff's conviction for this offense should not be admissible at Trial. The necessary elements of violent behavior for a conviction of Burglary in the first degree tilt the balance in favor of the Plaintiff in the probative versus prejudicial analysis. "Courts in the Second Circuit generally distinguish between crimes of violence, which have little probative value in establishing a witness's character for truthfulness, and theft crimes like robbery, which are probative of a witness's credibility" (<u>*Id.*</u>). Finally, since the Defendants offered no justification or precedent for evidence of the Plaintiff's three sex crimes to be admissible at Trial, the Court should not allow any mention of the Plaintiff's sex crimes convictions at Trial.

Since all of the Plaintiff's claims occurred when he was at the Mid-State CF, the Jury will learn during the trial that he was at the facility on May 24 through October 6, 2019. The Court should only allow the Defendants to elicit the fact that Plaintiff was held at the Mid-State CF in 2019. The underlying incidents occurred in the Mid-State CF, thus Plaintiff is already in a position where there is a risk that the Jury will find some degree of prejudice against him. No proof of any prior or current conviction should be admitted to add to the prejudice.

## II.        POTENTIAL INDEMNIFICATION OF DEFENDANTS BY THE STATE.

Plaintiff does not oppose the branch of the Defendants' Motion in Limine seeking to exclude any evidence at Trial that Defendants can or may be indemnified by the State of New

York in this action.  However, Plaintiff reserves the right to do so in the  event that Defendants

testimony and evidence opens the door to the issue of indemnification.

**III.      DEFENDANTS' APPLICATION REGARDING FACTS ABOUT DISMISSED CLAIMS SHOULD BE DENIED AS MOOT.**

The Defendants branch of their Motion in Limine seeking to preclude testimony and

evidence regarding facts relative to claims which the Court has already dismissed should be

denied as moot.  The Court's Decision and Order dated March 9, 2020 clearly dismissed

Plaintiff's other claims for failure to state claims upon which relief may be granted, these

dismissed claims are unrelated to the claims to be presented to the Jury at Trial, and Plaintiff

does not intend to introduce evidence of same, although Plaintiff reserves the right to do so in the

event that Defendants testimony and evidence opens the door to Plaintiff's evidence of these

additional claims.

For the foregoing reasons stated above, the Court should deny the Defendants' Motion

in Limine.

Dated:  February 6, 2023                        Respectfully submitted,
Albany, New York

                                     THE WEST FIRM, PLLC

                          By: _____
                                 Christopher W. Rust
                                 Peter Kiernan Plaza
                                 575 Broadway, 2nd Floor
                                 Albany, New York 12207-2931
                                 Tel.: (518) 641-0500
                                 Fax: (518) 615-1500
                                 NDNY Bar No.:  518786
                                 cwrust@westfirmlaw.com

TO:     Robert J. Rock (601122) and
         Ryan W. Hickey (519020)
         Assistant Attorneys General, Of Counsel
         LETITIA JAMES
         Attorney General of the State of New York
         Attorneys for Defendants

The Capital
Albany, New York 12224
Robert.Rock@ag.ny.gov
Ryan.Hickey@ag.ny.gov

# EXHIBIT A

Department of Corrections and Community Supervision

Find an offender → Incarcerated Lookup

# Incarcerated Lookup

[Start a New Search](#)

## BRADSHAW, JAY

**DIN:** 08A3654

| | | |
|---|---|---|
| **Race/Ethnicity:** | **Date of Birth:** | **(age):** |
| BLACK | 03/13/1984 | 38 years old |
| **Custody Status:** | IN CUSTODY | |
| **Housing / Releasing Facility:** | UPSTATE | |
| **County of Commitment:** | QUEENS | |
| **Date Received (original):** | 07/07/2008 | |
| **Date Received (current):** | 05/04/2016 | |
| **Admission Type:** | RETURN FROM ANOTHER AGENCY | |
| **Latest Release Date / Type (Released Only):** | | |

**Crimes of Conviction:**   If all crime fields below contain data, there may be additional crimes not shown here. The crimes shown here are those with the longest sentences as of 02/06/2023

| Crime | Class |
|---|---|
| BURGLARY 1ST | B |
| RAPE 1ST | B |
| AGGRAVATED SEXUAL ABUSE 4TH | E |
| CRIM SEXUAL ACT 1ST | B |

## Sentence Terms and Release Dates

Under certain circumstances, an incarcerated may be released prior to serving their minimum term and before the earliest release date shown for the individual. As of 02/06/2023

| | |
|---|---|
| **Aggregate Minimum Sentence** | 0 Years, 0 Months, 0 Days |
| **Aggregate Maximum Sentence** | 40 Years, 0 Months, 0 Days |
| **Earliest Release Date** | 08/12/2040 |
| **Earliest Release Type** | CONDITIONAL RELEASE DATE |
| **Parole Interview Date** | 06/2040 |
| **Parole Interview Type** | RELEASE CONDITIONS |
| **Parole Eligibility Date** | |

**Conditional Release Date**                                          08/12/2040

**Maximum Expiration Date**                                           05/02/2046

**Maximum Expiration Date for Parole Supervision**

**Post Release Supervision Maximum Expiration Date**

**Parole Board Discharge Date**

Information Data Definitions are provided for most of the elements listed above.

**Department of Corrections and Community Supervision** | **Accessibility**   **Contact**   **Disclaimer**

**Language Access**     **Privacy Policy**