UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAY BRADSHAW,

                                Plaintiff,                9:19-cv-931 (BKS/TWD)

v.

W. BURNS, Superintendent for Security, C.O. CREGO,
C.O. J. KOTARY, C.O. RUSSELL, C.O. PALMER, C.O.
HUNTLEY, C.O. JENNINGS, C.O. J. SMOYER, C.O.
WHITMAN, C.O. TROTZ, C.O. D. RELLA, C.O.
TOCZEK, C.O. ROGERS, C.O. SWEET, C.O. J. LYNCH,
and C.O. GILLEN,

                                Defendants.
_____

**Appearances:**

*For Plaintiff:*
Christopher W. Rust
The West Firm, PLLC
Peter Kiernan Plaza
575 Broadway, 2nd Floor
Albany, NY 12207-2931

*For Defendants:*
Letitia James
Attorney General of the State of New York
Robert J. Rock
Assistant Attorney General, of Counsel
The Capitol
Albany, New York 12224

**Hon. Brenda K. Sannes, Chief United States District Judge:**

                              **MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

        Plaintiff Jay Bradshaw brings this § 1983 action against Defendants Burns, Crego,

Kotary, Russell, Palmer, Huntley, Jennings, Smoyer, Whitman, Trotz, Rella, Toczek, Rogers,

Sweet, Lynch, and Gillen[1] asserting claims for unlawful search, unlawful conditions of confinement, and interference with the free flow of mail. (Dkt. No. 31.) The case is set for trial on February 27, 2023. Presently before the Court are the parties' motions in limine. (Dkt. Nos. 121, 126.) The Court heard oral argument on the motions at a final pretrial telephonic conference on February 16, 2023. For the following reasons, the parties' motions are granted in part and denied in part.

## II.   DISCUSSION

### A.   Plaintiff's Convictions

Defendants seek to introduce evidence of Plaintiff's convictions under Fed. R. Evid. 609(a)(1)(A). (Dkt. No. 126, at 4–6.) Plaintiff moves to preclude Defendants from introducing evidence related to any of Plaintiff's criminal convictions beyond the fact that Plaintiff was held at the Mid-State Correctional Facility during the events at issue. (Dkt. No. 121, at 1–6; Dkt. No. 131, at 1–7.)

Defendants suggest that Plaintiff was convicted in 2010 of burglary in the first degree, rape in the first degree, sexual abuse in the first degree, criminal sexual act in the first degree, and robbery in the first degree. (Dkt. No. 126, at 4–5.) Plaintiff acknowledges that he was convicted of burglary in the first degree, rape in the first degree, criminal sexual act in the first degree, and robbery in the first degree but claims he was convicted of sexual abuse in the fourth degree rather than sexual abuse in the first degree. (Dkt. No. 121, at 1, 9–10; Dkt. No. 131, at 1–2, 11–12; Dkt. No. 132, at 1.) Plaintiff provides a Department of Corrections and Community Supervision "Incarcerated Lookup" exhibit that supports this claim. (Dkt. No. 121, at 8–10; Dkt.

---

[1] In the amended complaint, (Dkt. No. 31), Plaintiff misspells four of the Defendants' names—"Creigo," "Kotory," "Toozer," and "Glinton." At the final pretrial conference, the parties agreed that the names should be corrected, and the docket has been corrected accordingly.

No. 131, at 10–12.)[2] At the final pretrial conference, Defendants agreed that Plaintiff was convicted of sexual abuse in the fourth degree rather than sexual abuse in the first degree.

      Rule 609(a)(1) of the Federal Rules of Evidence provides that, in a civil case, "subject to Rule 403," evidence of a prior criminal conviction "must be admitted" to impeach a witness where the conviction was "for a crime that . . . was punishable . . . by imprisonment for more than one year." Fed. R. Evid. 609(a)(1)(A). "The Rule requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 620–21 (2d Cir. 2005) (Sotomayor, J.) (quoting Fed. R. Evid. 403). Rule 609(a)(2) provides that, "for any crime regardless of the punishment," evidence of a criminal conviction "must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2). Unlike Rule 609(a)(1), Rule 609(a)(2) does not require a balancing under Rule 403: "evidence of conviction of a certain type of crime[,] one involving dishonesty o[r] false statement[,] must be admitted, with the trial court having no discretion." *United States v. Bumagin*, 136 F. Supp. 3d 361, 375 (E.D.N.Y. 2015) (first and third alterations in original) (quoting *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977)).

      The applicability of Rule 609(a) is, however, limited by Rule 609(b), which provides that "if more than 10 years have passed since the witness's conviction or release from confinement

---

[2] Plaintiff initially suggested that he was not convicted of robbery in the first degree and that his other convictions occurred in 2008. (Dkt. No. 131, at 1–2.) However, Plaintiff corrected the record in a letter to the Court, acknowledging that the convictions occurred in 2010 and that he was, in fact, convicted of robbery in the first degree at that time. (Dkt. No. 132, at 1.)

3

for it, whichever is later," then "[e]vidence of the conviction is admissible only if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1).

As an initial matter, Plaintiff was sentenced to a term greater than one year and is still incarcerated for the convictions at issue. (Dkt. No. 121, at 9–10; Dkt. No. 126, at 3.) Accordingly, Rule 609(a), rather than Rule 609(b), applies. *See* Fed R. Evid. 609. Furthermore, none of Plaintiff's convictions required admitting a dishonest act or false statement. (Dkt. No. 121, at 4–5); *see also Estrada*, 430 F.3d at 614. Therefore, Rule 609(a)(2) is inapplicable and Rule 609(a)(1) applies. *See* Fed. R. Evid. 609. Thus, for each conviction, the Court must balance the probative value of introducing evidence of Plaintiff's conviction against its prejudicial effect under Rule 403. *See Brandon v. Kinter*, No. 13-cv-00939, 2021 WL 3032693, at *2, 2021 U.S. Dist. LEXIS 133484, at *4 (N.D.N.Y. July 19, 2021); *see also Estrada*, 430 F.3d at 615–16.

"Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully," although "all Rule 609(a)(1) felonies are not equally probative of credibility." *Estrada*, 430 F.3d at 617. Crimes of violence are not, in general, particularly probative as to honesty or veracity. *See id.* at 617–18 (noting that convictions for violent or assaultive crimes generally do not relate to credibility). Crimes of sexual violence similarly lack probative value as to honesty or veracity and present a high likelihood of prejudice. *See Thomas v. Leifeld*, No. 13-cv-321, 2018 WL 3387690, at *2, 2018 U.S. Dist. LEXIS 116008, at *5 (N.D.N.Y. July 12, 2018) ("[C]onvictions for Rape in the First Degree, Attempted Rape in the First Degree, Sexual Abuse in the First Degree, [and] Sexual Abuse in the Second Degree . . . are not particularly probative as to honesty and veracity."); *see also Maize v. Nassau Health Care Corp.*, No. 05-cv-4920, 2012 WL 139261, at *3, 2012 U.S. Dist. LEXIS 37058, at *7–8

4

(E.D.N.Y. Jan. 18, 2012) ("[A] conviction for rape [is] not highly probative of credibility." (alteration in original) (quoting *Christmas v. Sanders*, 759 F.2d 1284, 1292 (7th Cir. 1985))). However, "theft crimes, and other crimes involving stealth, . . . bear on a witness's propensity to testify truthfully." *Estrada*, 430 F.3d at 621. And "crimes requiring planning or preparation bear more strongly on veracity than violence alone suggests because planning indicates deliberate and injurious violations of basic standards rather than impulse or anger, and usually it involves some element of deceiving the victim." *Id.* at 618 (internal quotation omitted). Thus, the Court concludes that Plaintiff's convictions for rape, aggravated sexual abuse, and criminal sexual act are of less probative value and that Plaintiff's burglary and robbery convictions are at least somewhat probative of Plaintiff's honesty.

    The Court notes that Plaintiff's 2010 convictions are relatively remote in time—they occurred over twelve years ago—and are therefore of lesser probative value than would be more recent convictions. *See Twitty v. Ashcroft*, No. 04-cv-410, 2010 WL 1677757, at *2, 2010 U.S. Dist. LEXIS 40499, at *6 (D. Conn. Apr. 23, 2010) ("[T]he 'probative value of a conviction decreases as its age increases.'" (quoting 4 Weinstein's Federal Evidence § 609.05(3)(d) at 609–41 (2d ed. 2010))). But the fact that Plaintiff's convictions do not bear similarity to the conduct at issue in this case generally weighs in favor of admission. *See Thomas v. Leifeld*, 2018 WL 3387690, at *3, 2018 U.S. Dist. LEXIS 116008, at *5–6; *see also Stephen v. Hanley*, No. 03-cv-6226, 2009 WL 1471180, at *5, 2009 U.S. Dist. LEXIS 43334, at *13 (E.D.N.Y. May 21, 2009) ("The less similar the pending case to the prior conviction, the less prejudicial its admission is." (citing *Hayes*, 553 F.2d at 828)). This dissimilarity, however, weighs against the admission of Plaintiff's convictions for rape, aggravated sexual abuse, and criminal sexual act because admission of evidence of those convictions "has the possibility of 'inflam[ing] the jurors'

5

prejudice against [Plaintiff], their . . . emotional response to an event otherwise factually unconnected to his testimony or the facts of the case eclipsing whatever veracity he may otherwise have had in their eyes.'" See Maize, 2012 WL 139261, at *3, 2012 U.S. Dist. LEXIS 37058, at *9 (alteration in original) (quoting United States v. Devery, 935 F. Supp. 393, 408 (S.D.N.Y. 1996)).

Ultimately, however, because Plaintiff plans to offer his account of interactions with Defendants, Plaintiff's credibility will have to be assessed against the credibility of the Defendants, who are expected to testify to a different version of events. Plaintiff's character for veracity is therefore a central issue in this case, and the existence of prior felony convictions is probative of his credibility. See Crenshaw v. Herbert, 409 F. App'x 428, 431–32 (2d Cir. 2011) (summary order) (finding no abuse of discretion in admitting evidence of a prior conviction in a § 1983 case because "[e]vidence of [the plaintiff's prior conviction] was probative of his veracity, a central issue in this case because the jury was required to choose between two contradictory versions of the underlying incident" (internal citation omitted)). And the jury will know by the nature of his claim against correctional officers that Plaintiff was convicted of a crime and was serving a prison sentence, which further limits prejudicial effect. See Espinosa v. McCabe, No. 10-cv-497, 2014 WL 988832, at *6, 2014 U.S. Dist. LEXIS 31741, at *16 (N.D.N.Y. Mar. 12, 2014). But overall, "the factor[] of . . . cumulative evidence militate[s] against admitting evidence of each of Plaintiff's felony convictions." Id., 2014 WL 988832, at *6, 2014 U.S. Dist. LEXIS 31741, at *16. And the danger of unfair prejudice to Plaintiff that could result from the admission of evidence related to his convictions for rape, aggravated sexual abuse, and criminal sexual act further weighs against admission of evidence of those convictions.

6

Therefore, having weighed the relevant factors, the Court finds evidence related to Plaintiff's 2010 convictions for burglary in the first degree and robbery in the first degree is admissible to impeach Plaintiff. But Defendants may only inquire into the "the 'essential facts' of [the] convictions"—that is, the statutory name of each offense, the date of conviction, and the sentence imposed. *Estrada*, 430 F.3d at 615. Plaintiff's convictions for rape in the first degree, aggravated sexual abuse in the fourth degree, and criminal sexual act in the first degree are not admissible to impeach Plaintiff because the probative value of evidence of these convictions is substantially outweighed by the danger of unfair prejudice and needlessly presenting cumulative evidence.

### B.   Defendants' Indemnification

Defendants move to preclude Plaintiff from making any reference to Defendants being indemnified or potentially indemnified. (Dkt. No. 126, at 6.) Plaintiff does not oppose this request and does not suggest that he intends to introduce evidence of Defendants' indemnification. (Dkt. No. 131, at 7–8.) Thus, Defendants' request is denied as moot.

### C.   Reference to Dismissed Claims

Defendants move to preclude Plaintiff from referring to claims the Court has previously dismissed. (Dkt. No. 126, at 6–7.) Plaintiff states he does not intend to introduce any evidence of previously dismissed claims. (Dkt. No. 131, at 8.) Thus, Defendants' request is denied as moot.

### D.   Civilian Clothing

Plaintiff seeks permission to appear in civilian clothing during trial. (Dkt. No. 121, at 6–7.) Defendants do not oppose this request. Plaintiff's request is granted. *See Brisman v. Volpe*, No. 15-cv-466, 2018 WL 3691236, at *4, 2018 U.S. Dist. LEXIS 130518, at *9 (N.D.N.Y. Aug. 3, 2018). Plaintiff's counsel should coordinate with Plaintiff to provide civilian clothing for Plaintiff to wear at trial.

### III.     CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion in limine, (Dkt. No. 121), and Defendant's motion in limine, (Dkt. No. 126), are **GRANTED in part** and **DENIED in part** as set forth above.

**IT IS SO ORDERED.**

Dated: February 16, 2023
       Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge